IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COUNTRY MUTUAL INSURANCE COMPANY
and COUNTRY PREFERRED INSURANCE
COMPANY,

        Plaintiffs,

                                                                                CV 3:11-630-PK

v.                                                                       OPINION AND
                                                                         ORDER

NICK PECHENYUK,

        Defendant.

PAPAK, Magistrate Judge:

        Plaintiffs Country Mutual Insurance Company and Country Preferred Insurance Company filed this action against defendants Unique Healing Massage, LLC ("Unique Healing"), Emilia C. Bazan-Salazar, Carl Bonofiglio, Yuriy Knysh, Nick Pechenyuk, Daniel Silver, and Darren A. Smith on May 23, 2011. On December 13, 2011, Judge Mosman entered default judgment against defendants Unique Healing and Knysh only, in the amount of $558,317.61. Pursuant to plaintiffs' notice of voluntary dismissal, Bazan-Salazar was dismissed from plaintiffs' action effective January 19, 2012. The court granted plaintiffs' motion to dismiss Smith from this action effective February 21, 2012, and granted plaintiffs' motion to dismiss Bonofiglio from this

Page 1 - OPINION AND ORDER

action effective July 13, 2012. Silver was dismissed from this action effective July 19, 2012, pursuant to plaintiffs' notice of voluntary dismissal. Plaintiffs allege that remaining defendant Pechenyuk conspired with some or all of the dismissed defendants to defraud the plaintiffs through the submission of fraudulent bills for treatment purportedly provided to persons insured by the plaintiffs. Plaintiffs allege Pechenyuk's liability for common-law fraud, conspiracy in violation of 18 U.S.C. § 1962(c), and common-law unjust enrichment.

Now before the court is plaintiffs' motion (#99) to find non-party NW Health & Wellness, LLC ("NW Health"), in contempt or, alternatively, for an order compelling NW Health to comply with a subpoena *duces tecum* and to show cause why NW Health should not be found in contempt. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, plaintiffs' motion is granted in part and denied in part as discussed below.

## FACTUAL BACKGROUND

### I. The Parties

Each plaintiff is an Illinois corporation headquartered in Illinois, engaged in the business of providing insurance policies. Pechenyuk is an Oregon resident who at material times owned and operated Advanced Health Care Center, LLC ("Advanced"), by and through which the allegedly fraudulent claims underlying plaintiffs' complaint were submitted to the plaintiffs. Following the initiation of this action, Advanced ceased operations, and Pechenyuk began leasing one of Advanced's offices to NW Health.

NW Health is an Oregon corporation in the business of providing health services. NW Health's registered agent is David Trommler.

## II. Plaintiffs' Subpoena *Duces Tecum* and Plaintiffs' Dispute with NW Health

Plaintiffs believe that many of Advanced's patients became patients of NW Health after Advanced ceased its operations, and consequently that NW Health is in possession of the medical records of many of Advanced's former patients. On February 8, 2013, plaintiffs issued a subpoena *duces tecum* commanding NW Health to produce, by not later than March 1, 2013, all documents in its possession or control (i) "reflecting any agreement, contract, arrangement, or other relationship between [NW Health] . . . and PIN Investments[, Inc. ("PIN Investments")], Advanced, Unique [Healing], Breakthrough Coaching[, LLC ("Breakthrough Coaching")], Pro Med Billing Solutions[, Inc. ("Pro Med Billing Solutions")], and/or any [current or former defendant named in this action];" (ii) "related to the 'Professional Services Agreement' [NW Health] entered with PIN Investments on or about March 1, 2011;" (iii) "related to any services that PIN Investments and/or Nick Pechenyuk has provided for [NW Health] . . . ;" (iv) "reflecting any payments that [NW Health] ha[s] made to or received from PIN Investments, Advanced, Unique [Healing], and/or any [current or former defendant named in this action];" (v) "relating to any patient who was involved in a motor vehicle accident and received treatment at any point in time from Advanced or Unique [Healing], including all bills and supporting documentation;" (vi) constituting "[NW Health's] general ledgers, federal income tax returns, K-1s, W-2s, and 1099s for the years 2011 to the present;" (vii) "relating to the issuance, purchase, transfer, sale, or termination of any individual's or entity's interest in NW Health . . . ;" (viii) "relating to corporate formalities followed by NW Health . . . including ownership ledgers, ownership certificates, minutes of member meetings, and resolutions;" and (ix) "exchanged with or regarding PIN Investments, Advanced, Unique [Healing], [any current or former defendant named in this

Page 3 - OPINION AND ORDER

action], Vladimir Golovan and/or Vladimir Golovin." Plaintiffs served Trommler personally with the subpoena on February 12, 2013.

That same day, Trommler contacted plaintiffs' counsel by telephone to inquire regarding the subpoena. On February 28, 2013, an attorney purporting to represent NW Health, Sean Kidd, contacted plaintiffs' counsel and indicated that NW Health might need additional time to comply with the subpoena. Plaintiffs' counsel requested that Kidd provide a representation letter, and Kidd indicated that he would respond later. Having received no further response from Kidd, plaintiffs' counsel called Kidd directly on March 20, 2013, whereupon Kidd indicated that he did not represent NW Health for purposes of plaintiffs' subpoena.

On April 9, 2013, having received no documents from NW Health in response to their subpoena, plaintiffs' filed the motion now before the court. That same day, I directed plaintiffs to serve NW Health with my order (#101) setting plaintiffs' motion under advisement as of April 29, 2013. Plaintiffs effected service of my order on NW Health on April 15, 2013. On April 23, 2013, additional copies were sent by certified mail to Trommler, NW Health, and Kidd.

On April 25, 2013, by and through its counsel, Kidd, NW Health filed with the court its response (#103) to plaintiffs' subpoena. In its response, NW Health raised numerous objections to plaintiffs' demands for documents, but indicated generally that it would produce "relevant, non-privileged, and non-confidential documents that are responsive to [plaintiffs' document demands] and [*sic*] to the extent they exist and are in the custody, possession, and control of NW [Health]." NW Health filed no opposition to plaintiffs' motion now before the court, and does not to date appear to have produced responsive documents.

Page 4 - OPINION AND ORDER

## ANALYSIS

The obligations of a recipient of a subpoena *duces tecum* issued by an officer of a federal court are governed by Federal Civil Procedure Rule 45. Pursuant to Rule 45:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed. R. Civ. P. 45(c)(2)(B). If objections to production are timely served, the issuing party must seek a court order directing the objecting party to comply with the subpoena, and absent such an order the objecting party's failure to produce responsive documents does not constitute a failure to obey the subpoena without adequate excuse. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983). However, although the Ninth Circuit does not appear to have weighed in on the issue, the courts of the District of Oregon have found that untimely service of objections without evidence of exceptional circumstances and good cause for the untimeliness constitutes waiver of the objections. *See, e.g., Kadant Johnson, Inc. v. D'Amico*, Case No. 3:12-MC-126, 2012 U.S. Dist. LEXIS 63162, *8 (D. Or. May 4, 2012), *citing Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Ca. 2005), *Whitlow v. Martin*, 263 F.R.D. 507, 510 (C.D. Il. 2009), *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2nd Cir. 1998). Moreover, "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).

NW Health's objections to plaintiffs' subpoena were untimely served. In response to plaintiffs' motion, NW Health provides no explanation for the untimeliness of its objections. In

consequence, I find that NW Health's objections to production are waived. NW Health shall produce all documents responsive to plaintiffs' subpoena *duces tecum* dated February 8, 2008, within eleven days of the date it receives service of a copy of this order, and shall not withhold any documents from production on the basis of its objections set forth in its response of April 25, 2013.

To the extent that plaintiffs seek imposition of the contempt sanction against NW Health at this time, or alternatively an order to show cause why NW Health should not be found in contempt, plaintiffs' motion is denied. Plaintiffs shall have leave to refile their motion to seek imposition of the contempt sanction if appropriate.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion (#99) is granted to the extent plaintiffs seek an order compelling non-party NW Health & Wellness, LLC, to produce documents responsive to plaintiffs' subpoena *duces tecum* dated February 8, 2013, plaintiffs are directed to serve a copy of this order on NW Health, and NW Health is ordered to produce documents responsive to plaintiffs' subpoena within eleven days of the date it receives service of a copy of this order, as discussed above. Plaintiff's motion (#99) is otherwise denied with leave to refile as discussed above.

Dated this 31st day of May, 2013.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge